UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:08-CV-437-FL

| | |
|---|---|
| JEFFREY ALLEN LARSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) MEMORANDUM AND |
| v. | ) RECOMMENDATION |
| | ) |
| ST. PAUL DEPARTMENT OF LABOR | ) |
| IN MINNESOTA, et al., | ) |
| | ) |
| Defendants. | ) |

This matter is before this court for review of application to proceed *in forma pauperis* and complaint of plaintiff Jeffrey Allen Larson ("Plaintiff") pursuant to 28 U.S.C. §§ 1915(a)(1), (e)(2)(B). [DE-1]. In the view of this court, plaintiff has demonstrated sufficient evidence of the inability to pay the required court costs. Accordingly, this court ALLOWS plaintiff's motion to proceed *in forma pauperis*. However, for the reasons provided below, this court RECOMMENDS that the complaint be DISMISSED for failing to state a claim for which relief may be granted.

## I. PLAINTIFF'S COMPLAINT

Plaintiff, a resident of North Carolina, has filed a complaint, containing a number of fragmented and conclusory statements and allegations which appear to touch upon a diverse number of subjects. Plaintiff has named several defendants in this action, including two federal district courts within this circuit, the offices of the U.S. Attorney and the Federal Public Defender, other court personnel, and several other organizations.

Plaintiff has alleged that he is a recipient of Social Security Disability Insurance ("SSDI") due to an unidentified work injury, and has alleged discrimination "as a consumer in

the State of Minnesota." Compl. at 6. Plaintiff further requests a name change and social security number change "do (sic) to discrimination of rights of injured worker." *Id.* Plaintiff requests Defendants to (1) "[a]ddress a contract with TRC [Texas Rehabilitation Commission]...and a Protection order after they look at the fact (sic) to the case," Compl. ¶ 7(e); and (2) "review how the Plaintiff is in Default of (sic) student loans, but has'nt (sic) fulfilled the IPE (Idividualized (sic) Plan for Employment) with State Rehabilitation services as a student on SSDI." *Id.* at 6.

Plaintiff's complaint indicates further that defendant has failed to employ and promote plaintiff and that "the charges between the plaintiff and Hilda are one-side [sic] and the Police reports, affidavits and Physical evidence should prove [plaintiff's] case." Plaintiff states further that defendant failed to employ and promote plaintiff from a contract with TRC and filed criminal charges against plaintiff affecting his employment and credit report. Plaintiff seeks employment and promotion by defendant. Plaintiff has failed to identify defendant or provide the factual basis to support these claims.

Plaintiff has included with his complaint a document which he has identified as a research paper, but upon closer inspection appears to be a memorandum addressed to the "Crime Victim Compensation Program" of Austin, Texas. From the memorandum it appears plaintiff was a student at Del Mar College in Corpus Christi, Texas in 2005 and 2006, and that he complains in part that he has been prevented from enrolling in educational programs by the absence of certain academic transcripts from other educational institutions he has previously attended.

2

Case 5:08-cv-00437-FL   Document 5   Filed 09/30/08   Page 2 of 7

In addition, plaintiff requests review of the following: (1) a "Dangerousness Certificate,"[1]; (2) "Patterns from school on Fee's [sic] with State Rehab (IPE) and loans for Financial aid on what the Plaintiff is paying for as a SSDI student...*Plus school book's* (sic)," ; and (3) "how (sic) has *custody* of the student and what is the cognitive Disorder in the December 3rd Judgment in Two-thousand-seven." Compl. at 5 (emphasis in original). Plaintiff requests numerous forms of relief from defendants, including a work study program, referrals for said work study program, the location and review of his financial aid reports for 2008-09, review of student loans owed, education grants to obtain a degree, documentation as to a stolen vehicle, notification to the Missoula, Montana Public Defender's office explaining the reason plaintiff was in Montana with an IPE and to the Montana Department of Transportation explaining plaintiff has not received a title, "relief from all issues with Dispute Resolution Services as a student in Criminal Justice," and an interview with a passport agency. *Id.* at 6-7.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the court reviews his allegations in accordance with 28 U.S.C. § 1915(e)(2)(B), and shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(I-iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims").

---

[1] Plaintiff was the focus of a commitment hearing in this district in the case of *United States v. Larson*, 5:03-HC-842, in which the government filed a Certificate of Mental Disease or Defect and Dangerousness. The court ultimately ruled in plaintiff's favor, ordering his unconditional release.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Although a complaint of a *pro se* plaintiff is entitled to more liberal treatment than those drafted by attorneys, *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989), the court is not required to accept a *pro se* plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (explaining under predecessor statute 28 U.S.C. § 1915(d) that "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations"). Rather, the court is permitted "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," *Neitzke*, 490 U.S. at 327, which include those with factual allegations that are "fanciful," "fantastic" or "delusional." *Id.* at 325, 328. Absent such allegations, "the initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in [his] favor." *Denton*, 504 U.S. at 32.

In evaluating whether a case fails to state a claim upon which relief may be granted, a court may appropriately look to cases decided under Fed. R. Civ. P. 12(b)(6) for guidance. *See Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (relying on standards set out in Rule 12(b)(6) cases in applying failure to state claim provision in 28 U.S.C. § 1915(e)(2)(B)(ii)); *Lugo v. INS*, 950 F. Supp. 743, 745 (E.D. Va. 1997) (failure to state claim provision in 28 U.S.C. § 1915A(b)(1) "appropriated" Rule 12(b)(6) standard). A complaint should be dismissed for failure to state a claim if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6)). A court must accept as true all well-pleaded

allegations and view those allegations in the light most favorable to the plaintiff, construing all reasonable factual inferences in the plaintiff's favor. *Id.*

### III. ANALYSIS

Adhering to the principle that *pro se* pleadings should not be held to the same stringent standards as those of attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), this court has construed liberally the allegations contained in plaintiff's complaint. However, even affording plaintiff a deferential examination of the allegations, this court finds that claims must be dismissed for failing to state a claim for which relief may be granted.

In particular, plaintiff's complaint is marked by a lack of specificity and clarity, making it difficult to ascertain the precise nature of his claim. With respect to any action arising in contract or unlawful discrimination, in either case, plaintiff's claim must fail. *See* Compl. ¶¶ 6-7 [DE 1-3]. First, as to a claim arising under a contract, plaintiff has failed to allege sufficient facts to support such a claim. Plaintiff has failed to identify the material terms of a contract and the manner in which it was breached, nor is it altogether clear from the complaint with whom plaintiff allegedly had a contract. *See Claggett v. Wake Forest Univ.*, 126 N.C. App. 602, 608, 486 S.E.2d 443, 446 (1997) (To state a claim for breach of contract, the complaint must allege that a valid contract existed between the parties, that defendant breached the terms thereof, the facts constituting the breach, and that damages resulted from such breach). Additionally, plaintiff has not alleged an amount in controversy with respect to this claim, thereby failing to implicate the diversity jurisdiction of this court under 28 U.S.C. § 1332.

Second, although plaintiff has alleged that he was discriminated against when he was not hired or promoted by defendant, he has failed to indicate the basis of unlawful discrimination or

provide any facts necessary to support such a claim. Compl. at 4, 5. Plaintiff has not alleged that he is a member of a class protected by federal anti-discrimination law, nor has he alleged other prima facie elements or provided other indicia of discrimination that would entitle him to relief under any federal statute prohibiting unlawful employment discrimination. *See e.g., Alvarado v. Board of Trustees of Montgomery Comm. Col.*, 928 F.2d 118, 121 n.5 (4th Cir. 1991) (describing elements necessary to state a prima face case of employment discrimination in hiring and promotion based on race under Title VII) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

In his complaint, plaintiff refers to *United States v. Larson*, 5:03-HC-842, a case in which he was a party. In that case, the government filed a certificate of mental disease or defect and dangerousness seeking to commit plaintiff to the custody of the Attorney General. The government's motion was denied and plaintiff was released unconditionally. The court's ruling in that case denying the government's motion was presumably not adverse to plaintiff. Nonetheless, here plaintiff has failed to identify the dispute he has with the court's decision, nor does he allege a factual basis on which to undertake a review of that decision. Compl. at 5.

Finally, none of the other relief plaintiff seeks appears to implicate the exercise of federal jurisdiction nor state a claim for relief. *See* 28 U.S.C. §§ 1331, 1332. Plaintiff seeks a work-study program related to furthering his education and a referral letter from the warden at FCI Butner. He seeks assistance in locating his financial aid report, and to obtain a grant to further his education. Plaintiff seeks further relief in the form of a name change, a social security number and an interview with a passport agency. Plaintiff also seeks recovery with respect to a police report, the Department of Transportation and the Missoula (Montana) Public Defender's

Office, yet these allegations are incomplete and unintelligible and this court cannot discern the relief sought or grounds for relief. *See Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990) ("While *pro se* complaints may represent the work of an untutored hand requiring special judicial solicitude, the Court cannot act as plaintiff's counsel and read claims into the complaint that are not otherwise presented.") (internal quotations and citations omitted).

## IV. CONCLUSION

For the reasons stated above, this court ALLOWS plaintiff's application to proceed *in forma pauperis*. In addition, this court RECOMMENDS that the underlying complaint be DISMISSED for failing to state a claim for which relief may be granted.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten (10) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This, the 30th day of September, 2008.

Robert B. Jones, Jr.
United States Magistrate Judge