IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-437-FL

| | | |
|---|---|---|
| JEFFREY ALLEN LARSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| ST. PAUL DEPARTMENT OF LABOR | ) | |
| IN MINNESOTA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Memorandum and Recommendation (M&R) issued by Magistrate Judge Robert B. Jones, Jr. on September 30, 2008. (DE # 5.) The magistrate judge allowed *pro se* plaintiff's application to proceed *in forma pauperis* without prepayment of fees under 28 U.S.C. § 1915, but recommends that the complaint be dismissed for failure to state a claim for which relief may be granted. Plaintiff filed a "Request for Production" on October 8, 2008, which this court construes as an objection to the M&R. In this posture, the issues raised are ripe for ruling.

**BACKGROUND**

Plaintiff, a resident of North Carolina, filed complaint in this matter on August 27, 2008. Plaintiff has named more than twenty defendants in this action, including two district courts within this circuit, the offices of the U.S. Attorney and the Federal Public Defender, other court personnel, and several other organizations and individuals in Minnesota, Texas, New Mexico, and Colorado.

Plaintiff alleges, *inter alia*, that defendant discriminated against him by failing to employ and promote him from a contract with the Texas Rehabilitation Commission, and that defendant filed criminal charges against plaintiff which have affected his employment and credit reports. Plaintiff has failed to identify this defendant or provide any factual basis for these claims. Plaintiff further alleges discrimination as a consumer in the state of Minnesota.

Plaintiff seeks a broad range of relief from this court, including a name change and social security number change and a review of the default of plaintiff's student loans. In addition, plaintiff requests review of the following: (1) a "Dangerousness Certificate;" (2) "Patterns from school on Fee's with State Rehab (IPE) and loans for Financial aid on what the Plaintiff is paying for as a SSDI student . . . Plus school book's [sic];" and (3) "how [sic] has custody of the student and what is the cognitive Disorder in the December 3rd Judgment in Two-thousand-seven." Plaintiff seeks various relief from defendants, including employment and promotion, participation in a work study program, referrals for said work study program, the location and review of his financial aid reports for 2008-09, review of student loans owed, education grants to obtain a degree, documentation as to a stolen vehicle, notification to the Missoula, Montana Public Defender's office explaining the reason plaintiff was in Montana with an IPE and to the Montana Department of Transportation explaining plaintiff has not received a title, "relief from all issues with Dispute Resolution Services as a student in Criminal Justice," and an interview with a passport agency.

Plaintiff has included with his complaint a document which he has identified as a research paper, but upon closer inspection appears to be a memorandum addressed to the "Crime Victim Compensation Program" of Austin, Texas. From the memorandum it appears plaintiff was a student at Del Mar College in Corpus Christi, Texas in 2005 and 2006, and that he complains in part that he

2

has been prevented from enrolling in educational programs by the absence of certain academic transcripts from other educational institutions he has previously attended.

This court referred plaintiff's complaint to the magistrate judge for ruling on plaintiff's motion to proceed *in forma pauperis*. The magistrate judge allowed that motion and reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Adhering to the principle that *pro se* pleadings should not be held to the same stringent standards as those of attorneys, the magistrate judge liberally construed the allegations contained in plaintiff's complaint. See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam). Even affording plaintiff's complaint a deferential examination, however, the magistrate judge found it failed to state a claim for which relief may be granted, and recommends that the complaint be dismissed.

Plaintiff responds to the M&R with a filing, styled a "Request for Production," that contains a number of statements and allegations which again appear to touch upon a diverse number of subjects.[1] (DE # 7.) The court is unable to discern which specific portion of the M&R plaintiff objects to, so in an abundance of caution, the court will consider both the original complaint and plaintiff's objection to the M&R in conducting a *de novo* review of plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).

---

[1] With this filing, plaintiff also includes the following exhibits: (1) a letter from the Social Security Administration setting out plaintiff's current benefits; (2) a report from an independent medical evaluation performed on plaintiff by Dr. Lloyd Leider in 1997; (3) a work ability report completed in 2000 for the Minnesota Worker's Compensation Division; (4) copies of briefs filed by plaintiff in 2005 in the Fourth Circuit Court of Appeals; (5) that court's per curiam order and notice of judgment affirming the district court's decision to dismiss plaintiff's complaint; (6) a letter by plaintiff to the United States Department of State detailing plaintiff's difficulties in renewing his passport; (7) a copy of an affidavit or filing apparently filed by plaintiff in a civil case in federal court in Texas; and (8) a billing statement issued to plaintiff from an educational institution.

3

## DISCUSSION

The district court conducts a *de novo* review of those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss a case at any time if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Though specificity is not required, a complaint must allege enough facts to state a claim to relief that is facially plausible. Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." Id. at 1974. A *pro se* complaint in a proceeding *in forma pauperis* must be construed liberally and held to less stringent standards than complaints drafted by attorneys. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam).

In reviewing a complaint under 28 U.S.C. § 1915(e)(2)(B), the court must accept all well-pleaded allegations in the plaintiff's complaint as true and draw all reasonable factual inferences from those facts in the plaintiff's favor. De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003) (quoting Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002)). The court is not required, however, "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Veney, 293 F.3d at 730 (quoting Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)).

Upon careful review of plaintiff's complaint and subsequent filing in response to the M&R, the court finds that plaintiff has failed to state any claim for which relief may be granted. The court agrees with the magistrate judge that plaintiff's complaint, and now his subsequent filing, are marked by a lack of specificity and clarity, and the court cannot ascertain the precise nature of plaintiff's claims. With respect to any action arising in contract or unlawful discrimination, plaintiff has failed to plead sufficient facts to support his claim. Plaintiff has failed to identify the material terms of a contract and the manner in which it was breached, and it is unclear with whom plaintiff allegedly had a contract. Furthermore, plaintiff has not alleged an amount in controversy with respect to this claim, thereby failing to implicate this court's diversity jurisdiction under 28 U.S.C. § 1332. Similarly, plaintiff has failed to indicate the basis of any unlawful discrimination. Plaintiff does not identify which defendant discriminated against him, and he fails to allege that he is a member of a protected class or other prima facie elements of discrimination entitling him to relief under any federal law prohibiting unlawful employment discrimination.

Plaintiff's complaint refers to United States v. Larson, 5:03-HC-842, a case in which the government filed a certificate of mental disease or defect and dangerousness seeking to commit plaintiff to the custody of the Attorney General. The government's motion was denied and plaintiff was released unconditionally. This ruling was presumably not adverse to plaintiff, and plaintiff fails to identify the dispute he has with the court's decision.

Plaintiff's response to the M&R requests that this court review a mandate issued by the Fourth Circuit Court of Appeals, apparently affirming a district court's dismissal of a complaint brought by plaintiff. This court does not have jurisdiction to review orders issued by appellate courts. The court also lacks jurisdiction to review an order regarding plaintiff issued by the Eastern

District of Virginia, as plaintiff requests.

Finally, none of the other relief plaintiff seeks appears to implicate the exercise of federal jurisdiction or state a claim for relief. Indeed, even a solicitous examination of the allegations reveals little on which federal subject matter jurisdiction may be based. Plaintiff seeks a work-study program related to furthering his education and a referral letter from the warden at FCI Butner. He seeks assistance in locating his financial aid report and in obtaining a grant to further his education. Plaintiff seeks relief in the form of a name change, a social security number change, and an interview with a passport agency. He seeks a student visa for Australia, and various relief associated with his participation in the Ticket to Work Program. Plaintiff also seeks recovery with respect to a police report, the Department of Transportation, the Missoula, Montana Public Defender's Office, certain student loans, and the St. Paul Department of Industry for Vocational Training, but the court is unable to discern the nature of his claims or the grounds for any relief sought. See Weller v. Dept. of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

Finally, plaintiff requests legal counsel to represent him. There is no constitutional right to counsel in civil cases, but a court may request counsel to represent an indigent *pro se* civil litigant, at the court's discretion. 28 U.S.C. § 1915(e)(1). Such requests for representation should only be made in "exceptional circumstances," considering the facts of the claim and the characteristics of the litigant. See Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Having found that plaintiff states no claim for which relief may be granted, the court also finds that this case does not present the type of exceptional circumstances that would justify requesting counsel for plaintiff under 28 U.S.C. § 1915(e)(1). Accordingly, plaintiff's request for counsel is DENIED.

The court has also reviewed plaintiff's most recent filing, received December 9, 2008, and

styled a "Request for Admissions for the ADA Coordinator," and finds that it does not present any justiciable issue.

## CONCLUSION

For the reasons set forth herein, plaintiff's complaint is DISMISSED for failure to survive review under 28 U.S.C. § 1915(e)(2). Where plaintiff's complaint has been dismissed, plaintiff's request for counsel is also DENIED. The clerk is directed to close this case.

SO ORDERED, this the 19th day of December, 2008.

LOUISE W. FLANAGAN
Chief United States District Judge